UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JACQUELINE R. KAROL,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. CV-09-20-JPH

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 10, 12-2.) Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Terrye E. Shea represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 5.) After reviewing the administrative record and briefs filed by the parties, the court the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands the matter to the Commissioner for further proceedings.

**JURISDICTION**

Plaintiff Jacqueline Karol (plaintiff) protectively filed for social security income (SSI) on January 19, 2005. (Tr.88.) Plaintiff initially alleged an onset date of May 1, 2003, but amended the alleged onset date to January 19, 2005 at the hearing. (Tr. 103, 455.) Benefits were denied initially and on reconsideration. (Tr. 73, 77.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ R.J. Payne on February 27, 2007. (Tr. 454-99.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 472-98.) Medical experts Dr. Lou Myers, a neurologist, and

Dr. Thomas McKnight, a psychologist, also testified. (Tr. 456-72.) The ALJ denied benefits (Tr. 17-29) and the Appeals Council denied review. (Tr. 6.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

At the time of the hearing, plaintiff was 23 years old. (Tr. 472.) She dropped out of school her freshman year and later obtained a GED. (Tr. 472.) She last worked at Wendy's for about two weeks, but she testified that she could not pay attention, did not like the job, and was fired for not conforming. (Tr. 474.) The longest she has worked at one job was a couple of months. (Tr. 475.) She testified that the most significant problem preventing her from working is a problem with her right wrist. (Tr. 478.) Her second worst problem is concentration. (Tr. 480-81.) Plaintiff says she suffers from headaches, restless leg syndrome, vertigo, nerve damage in her back, and does not sleep well. (Tr. 481-88.) Plaintiff has a history of substance abuse, but testified she quit using on September 7, 2005. (Tr. 476.) She was charged with a DWI in January, 2007. (Tr. 476-77.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be

upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of

impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

However, a finding of "disabled" under the sequential evaluation process does not automatically qualify a claimant for disability benefits when there is evidence of alcohol or drug abuse. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001.) The Contract with America Advancement Act of 1996 (CAAA) amended the Social Security Act, providing that "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR FURTHER PROCEEDINGS-4

Commissioner's determination that the individual is disabled." 42 U.S.C. 423(d)(2)(c). Special statutes and regulations govern disability claims involving substance abuse.

Under the Regulations implemented by the Commissioner, the ALJ must follow a specific analysis that incorporates the sequential evaluation discussed above. 20 C.F.R. §§ 404.1535(a), 416.935(a). The ALJ must conduct the five step inquiry without attempting to determine the impact of substance addiction. If the ALJ finds the claimant is not disabled under the five step inquiry, the claimant is not entitled to benefits, and there is no need to proceed with further analysis. *Id.* If the ALJ finds the claimant disabled, and there is evidence of substance addiction, the ALJ should proceed under the sequential evaluation and §§ 404.1535 or 416.935 to determine if the claimant would still be disabled absent the substance addiction. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001.) If the claimant is found disabled with the effects of substance addiction, it is the claimant's burden to prove substance addiction is not a contributing factor material to her disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). As stated by the *Parra* court, a drug addicted claimant "who presents inconclusive evidence of materiality has no incentive to stop [abusing drugs], because abstinence may resolve his disabling limitations and cause his claim to be rejected or his benefits terminated." *Id.* Thus, through the CAAA, Congress seeks "to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy." *Ball v. Massanari*, 254 F.3d at 817, 824 (9th Cir. 2001).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since January 19, 2005, the alleged onset date. (Tr. 19.) At step two, he found Plaintiff has the following severe impairments: substance abuse disorder in reported remission, personality disorder, and migraines.[1] (Tr. 19.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 20.) The ALJ then determined:

---

[1] The ALJ also found plaintiff's alleged posttraumatic stress disorder, panic disorder with agoraphobia, hepatitis C, pelvic pain, right wrist pain, vertigo, low back pain and restless leg syndrome are not severe impairments. (Tr. 20.) Plaintiff does not challenge these findings.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR FURTHER PROCEEDINGS-5

> [B]ased on all of the impairments, including the substance use disorder, the claimant has the residual functional capacity to perform light work. The claimant can lift 20 pounds occasionally and frequently lift or carry 10 pounds. The claimant can sit for two hours and stand or walk for six hours in an eight-hour workday. The claimant has good use of her arms and hands for repetitive grasping, holding, and turning objects. The claimant should avoid concentrated exposure to hazardous machinery and heights. The claimant is also capable of performing sedentary work. With substance abuse, the claimant has moderate and marked limitations in her ability to understand and remember locations and work-like procedures, and simple and complex instructions. She also has moderate and marked limitations in her ability to carry out sort and simple instructions and detailed instructions. Her ability to maintain attention and concentration for extended periods is markedly limited. She would have marked difficulties in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. She would have much difficulty completing a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. The claimant should not be in a work setting wherein she would be required to interact with the general public. She should only have superficial interactions with supervisors and coworkers.

(Tr. 22.) At step four, the ALJ found plaintiff has no past relevant work. (Tr. 22.) After taking into account plaintiff's age, education, work experience, residual functional capacity, and based on all of plaintiff's impairments including the substance use disorder, the ALJ found there are no jobs that exist in significant numbers in the national economy that the plaintiff can perform. (Tr. 22.)

Because the record contains evidence of drug and alcohol addiction, the ALJ then conducted a second five-step analysis without the effects of drug and alcohol use. The ALJ found that if plaintiff stopped substance use, plaintiff would continue to have a severe impairment or combination of impairments, but would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 23.) Next, the ALJ determined:

> If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform light work. The claimant can lift 20 pounds occasionally and frequently lift or carry 10 pounds. The claimant can sit for two hours and stand or walk for six hours in an eight-hour workday. The claimant has good use of her arms and hands for repetitive grasping, holding, and turning objects. The claimant should avoid concentrated exposure to hazardous machinery and heights. The claimant is also capable of performing sedentary work. Without substance abuse, the claimant would not be significantly limited in her social functioning or in her concentration, persistence and pace.

(Tr. 23.) The ALJ found plaintiff has no past relevant work. (Tr. 28.) However, if plaintiff stopped the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR FURTHER PROCEEDINGS-6

substance use, and after considering the plaintiff's age, education, work experience, residual functional capacity and the testimony of a vocational expert, the ALJ determined there would be a significant number of jobs in the national economy that the plaintiff could perform. (Tr. 29.) Because plaintiff would not be disabled if she stopped the substance use, the ALJ determined plaintiff's substance use disorder is a contributing factor material to the determination of disability. (Tr. 29.) Thus, the ALJ concluded plaintiff has not been disabled within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. (Tr. 29.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ erred by: (1) improperly attributing assessed psychological limitations to the effects of substance use; (2) citing legally insufficient reasons for rejecting the opinion of an examining psychologist; and (3) improperly relying the testimony of the medical expert in rejecting other psychological opinions. (Ct. Rec. 11 at 16-18.) Defendant argues that substantial evidence supports the ALJ's findings. (Ct. Rec. 12-4 at 14.)

**DISCUSSION**

Plaintiff argues the ALJ improperly rejected the opinion of examining psychologist Dr. Pollack. (Ct. Rec. 11 at 16-17.) Dr. Pollack prepared a narrative report and completed a Mental Medical Source Statement form dated February 26, 2007. (Tr. 414-23.) Dr. Pollack diagnosed anxiety disorder, polysubstance abuse in early remission, and personality disorder with antisocial, narcissistic and borderline features. (Tr. 419.) He assessed a GAF of 60[2] and assessed two marked limitations and three moderate limitations. (Tr. 420-22.) The ALJ gave no weight to Dr. Pollack's opinion. (Tr. 27.)

In evaluating medical or psychological evidence, a treating or examining physician's opinion is entitled to more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d

---

[2] A GAF score of 51-60 indicates serious symptoms or any serious impairment in social, occupational or school functioning. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4TH Ed. at 32.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS-7

587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). The opinion of a non-examining physician may be accepted as substantial evidence only if it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

Dr. Pollack is an examining psychologist. His opinion was contradicted by the medical expert, Dr. McKnight. Dr. McKnight opined the limitations assessed by Dr. Pollack were "grossly inconsistent" with his specific findings. (Tr. 466.)  Thus, the ALJ was required to provide specific, legitimate reasons for rejecting Dr. Pollack's opinion.

The ALJ gave two reasons for rejecting Dr. Pollack's opinion. (Tr. 27.) First, the ALJ stated:

> This evaluation was arranged by the claimant's representative, who uses this psychologist extensively. This psychologist always finds moderate or marked limitations in ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances and in ability to complete a normal workday or workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, which of course supports disability per vocational expert testimony in past hearings.

(Tr. 27.) This is not a legitimate reason for rejecting a medical report. An ALJ should not base his opinion of medical evidence on past activity not in the record. *See Reed v. Massanari*, 270 F.3d 838, 843-44 (9th Cir. 2001) (holding it was improper for the ALJ to reject opinions of doctors based on past decisions that were not in the record); *see also Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996) (stating an ALJ "may not assume doctors routinely lie in order to help their patients collect disability benefits" (quoting *Ratto v. Secretary*, 839 F.Supp. 1415, 1426 (D.Or. 1993)). The ALJ apparently mistrusts Dr. Pollack's evaluations based on experiences outside this record, and his comments suggest he discredited Dr. Pollack's report without a fair examination of the evidence. The validity of the ALJ's assertion cannot be assessed based on evidence in the record; therefore, the first reason for

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR FURTHER PROCEEDINGS-8

rejecting Dr. Pollack's opinion is not supported by substantial evidence in the record.

Defendant argues the ALJ's statement reflects a permissible "preconception" rather than bias against Dr. Pollack. (Ct. Rec. 12-3 at 22.) The court disagrees. In the case cited by defendant, *Valentine v. Astrue*, 574 .F.3d 685 (9th Cir. 2009), the plaintiff complained about comments and questions made by the ALJ to the plaintiff at the hearing. The court found that the ALJ's preconceptions did not amount to bias, and therefore did not violate due process. *Id.* at 690. Here, however, the ALJ displayed actual bias against an examining psychologist based on information obtained outside the record. The ALJ's statements leave little doubt that he would have rejected Dr. Pollack's assessed limitations if those findings matched limitations the ALJ claims Dr. Pollack "always finds," regardless of the contents of the report or this plaintiff's actual limitations. This is more than mere "preconception" and reflects impermissible bias by the ALJ.

The defendant further suggests that Dr. Pollack's report advocates for plaintiff and justifies rejecting the report on that basis. (Ct. Rec. 12-3 at 22.) Defendant is correct that when a physician is involved in the application process and advocates for the patient, the physician's opinion may be rejected because it is not objective. *Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996.) In this case, however, there is no evidence that Dr. Pollack helped plaintiff apply for benefits or actively advocated for plaintiff. Again, the ALJ's statement about Dr. Pollack is based on information or experiences which are not part of this record. If the ALJ believed Dr. Pollack's report is unsupported, it is the ALJ's duty to reject the report with specific, legitimate reasons based on evidence in the record.

The second reason noted by the ALJ in rejecting Dr. Pollack's opinion is that the psychological medical expert, Dr. McKnight, opined that Dr. Pollack's Mental Medical Source Statement was not supported by Dr. Pollack's findings in his narrative report. (Tr. 27.) A medical opinion may be rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Also, opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS-9

"The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence." *Magallenes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). In this case, the ALJ provided no description or explanation of other evidence supporting Dr. McKnight's opinion. The ALJ did not discuss Dr. McKnight's testimony in detail or explain why he agreed with Dr. McKnight's conclusions. Particularly in light of the bias shown in the ALJ's first reason for rejecting Dr. Pollack's report, the ALJ did not provide adequate justification for his reliance on Dr. McKnight's opinion over Dr. Pollack's opinion. As a result, the ALJ's second reason for rejecting Dr. Pollack's opinion is not a specific, legitimate reason supported by substantial evidence.

While other reasons may exist to reject Dr. Pollack's report, the court is constrained to review only those reasons asserted by the ALJ. *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto V. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). Here, the ALJ erred by failing to provide sufficient reasons for rejecting the opinion of Dr. Pollack, an examining physician. There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinions of a treating or examining physician. The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Another approach is found in *McAllister v. Sullivan*, 888 F.2d 599 (9th Cir. 1989), which holds a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion. *See also Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues). Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition. *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (citing *McAllister*); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990). In this case, other reasons to reject Dr. Pollack's report may exist, but the ALJ's bias against an examining psychologist shows he will not be able to fairly assess the report. Thus, this matter should be remanded for hearing

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR FURTHER PROCEEDINGS-10

by another ALJ.³  *See Reed*, 270 F.3d at 845.

### CONCLUSION

The ALJ's decision is not supported by substantial evidence and free of legal error.  A remand for further proceedings by another ALJ is the proper remedy.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 10)** is **GRANTED**.  The matter is remanded to the Commissioner for additional proceedings by another ALJ pursuant to sentence four 42 U.S.C. 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 12-2)** is **DENIED**.

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for plaintiff and the file shall be **CLOSED**.

DATED September 29, 2009.

                    S/ JAMES P. HUTTON
                    UNITED STATES MAGISTRATE JUDGE

---

³Because the ALJ's treatment of Dr. Pollack's opinion requires remand to another ALJ, the court does not reach plaintiff's other assertions of error.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS-11